# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH ROBERT MCCLINTIC, an individual, by and through his *Guardian ad Litem*, MARLENE A. HUBBEL; and MARLENE A. HUBBELL in her capacity as co-trustee of the Joseph Robert Mcclintic Living Trust,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES POSTAL SERVICE; BERTHA CERVANTES, individually and in her official capacity; and DOES 1 through 50, inclusive,**<br><br>**Defendants.** | CASE NO. 1:13-CV-00439-LJO-GSA<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION** |

This case concerns the alleged financial elder abuse of Plaintiff Joseph Robert McClintic by Defendant Bertha Cervantes. Among other things, the First Amended Complaint ("FAC") alleges that Defendant Cervantes engaged in a "sweetheart swindle scam," by which she ingratiated herself to Mr. McClintic, with the ultimate goal of obtaining valuable items and money from Mr. McClintic. *See* Doc. 34, FAC, at ¶ 22. At the time of the alleged scam, Mr. McClintic was in his late 70s; Ms. Cervantes was thirty-two (32) years his junior. *Id*. at ¶¶ 19-10.

The FAC contains nine state law causes of action for Financial Elder Abuse, Cal. Welf. & Inst. Code, §§ 15600-15675; fraud, deceit, and concealment; misrepresentation; negligence; negligence per se; conversion; trespass to chattels, constructive trust, and common law unjust enrichment. *See generally* Doc. 34. Defendant Cervantes filed a motion to dismiss all of the state law claims on statute of limitations grounds. Doc. 41.

The First Cause of Action, is captioned "For Violation of 18 U.S.C. § 201, 5 CFR § 2635.202 and § 2635.204." However, 18 U.S.C. § 201, which prohibits public official bribery, graft, and conflicts

of interest, is a criminal statute for which there is no private cause of action. Likewise, there is no private right of action to enforce directly 5 C.F.R. §§ 2635.202 and 2635.204, which set forth standards for the ethical conduct of employees of the executive branch. The First Cause of Action, therefore, does not appear to support federal subject matter jurisdiction.

The Tenth Cause of Action is a civil claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*. FAC at ¶ 1. Defendant Cervantes' motion to dismiss does not address this cause of action, but the Court may raise the question of subject matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Having preliminarily reviewed the FAC, the Court has serious concerns about whether the FAC "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery" sufficient to state a plausible RICO claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co*, 431 F.3d 353, 361 (9th Cir. 2005). It is unclear whether the facts plausibly could support a finding that Defendant(s) made use of an "enterprise." An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *Odom v. Microsoft Corp*., 486 F.3d 541, 548 (9th Cir. 2007). However, a RICO "enterprise" must constitute an entity distinct from the RICO "person." *Living Designs,* 431 F.3d at 361; *River City Markets, Inc. v. Fleming Foods W., Inc.,* 960 F.2d 1458, 1461 (9th Cir. 1992) (stating that "a single individual or entity cannot be both the RICO enterprise and an individual RICO defendant").

Here, the FAC alleges that Defendant Cervantes engaged in numerous unlawful acts and suggests that she may have interacted with other individuals and entities during the course of engaging in these unlawful acts. To the extent Plaintiff attempts to identify Defendant Cervantes as the

"enterprise," this is impermissible if Defendant Cervantes is also the RICO defendant. Alternatively, Plaintiff may be attempting to describe an "association-in-fact enterprise," which is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). While the FAC mentions that Cervantes interacted with numerous other individuals, it does not obviously allege how they associated together for a common purpose.[1]

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing on or before January 10, 2014 why the two federal claims should not be dismissed and therefore why the entire FAC should not be dismissed for lack of subject matter jurisdiction.

The hearing on the pending motion to dismiss, Doc. 41, currently set for February 6, 2014, is VACATED and all deadlines in connection with that motion are suspended pending the outcome of this Order to Show Cause.

IT IS SO ORDERED.

    Dated:   **December 19, 2013**          /s/ Lawrence J. O'Neill
                                                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court also is concerned that many, if not all, of the potential racketeering predicate acts set forth in the FAC may not actually qualify as such.

3