# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROBERT McCLINTIC, et al., | No. 1:13-cv-00439-LJO-GSA |
| Plaintiffs, | |
| v. | **ORDER RE. PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD** |
| UNITED STATES POSTAL SERVICE, et al., | **(Doc. 47)** |
| Defendants. | |

## INTRODUCTION

On November 22, 2013, Bonnie J. Anderson, counsel for Plaintiffs Joseph Robert McClintic and Marlene Hubbell, Co-Trustee of the Joseph Robert McClintic Living Trust (collectively "Plaintiffs"), filed a Motion to Withdraw as Counsel of Record for Plaintiffs.[1] (Doc. 47). Ms. Hubbell filed an Opposition on December 4, 2013. (Doc. 50). Defendant Bertha Cervantes ("Defendant"), the only remaining defendant in the case, did not take a position on Plaintiffs' counsel's motion to withdraw. (Doc. 59, Tr. of Hrg. on Mtn. to Withdraw, p. 20). The matter was heard on December 13, 2013 before the Honorable Gary S. Austin, United States Magistrate Judge. Marlene Hubbell and Attorney Anderson both appeared in person; Defendant's counsel, Jacob J. Rivas, appeared telephonically. Ruling from the bench at the conclusion of the hearing, the Court GRANTED the Motion to Withdraw in part and DENIED it in part. (*See* Doc.

---

[1] Ms. Hubbell, in her capacity as Co-Trustee of the Joseph Robert McClintic Living Trust, is a Plaintiff in this matter. *See* Rule 17(a), Fed. R. Civ. P. Ms. Hubbell is also the court-appointed Guardian ad Litem for Plaintiff Joseph Robert McClintic. *See* Doc. 17. Ms Hubbell is proceeding in both of these capacities in this action.

1

57).  This Order memorializes the Court's ruling and sets forth the Court's reasoning.[2]

**BACKGROUND**

This case concerns the alleged financial elder abuse of Plaintiff Joseph Robert McClintic by Defendant Bertha Cervantes.  Plaintiffs initially filed this case against the United States Postal Service, Bertha Cervantes (a United States postal carrier at the time), and Does 1 through 50.  (Doc. 2).  Plaintiffs alleged that Ms. Cervantes' had executed a "sweetheart swindle scam" against Plaintiff McClintic, conning him out of approximately $38,000 in gifts and monies.  Subsequently, District Judge Lawrence J. O'Neill dismissed all claims against the United States with prejudice, and the Clerk of this Court entered judgment in favor of the United States.  (Docs. 27 and 28).

Thereafter, Plaintiffs filed a First Amended Complaint ("FAC").  (Doc. 34).  The FAC contains nine state law causes of action including financial elder abuse; fraud, deceit, and concealment; misrepresentation; negligence; negligence per se; conversion; trespass to chattels; constructive trust; and common law unjust enrichment claims.  (Doc. 34).  Defendant Cervantes has filed a motion to dismiss all the state law claims on statute of limitations grounds, which is pending before District Judge O'Neill.  (Doc. 41).  The FAC also contains two federal causes of action.  One alleges violations of 18 U.S.C. § 201 and 5 C.F.R. §§ 2635.202 and 2635.204.  The other federal claim is a civil claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.  On December 20, 2013, Judge O'Neill issued an Order to Show Cause, requiring Plaintiffs "to show cause in writing on or before January 10, 2014 why the two federal claims should not be dismissed and therefore why the entire FAC should not be dismissed for lack of subject matter jurisdiction."  (Doc. 58 at 3).

---

[2] After the hearing on the motion to withdraw, Plaintiff Marlene Hubbell filed a waiver of conflict of interest in accordance with the Court's ruling.  (Doc. 60).  Attorney Anderson filed an objection to the waiver of conflict of interest filed by Ms. Hubbell.  (Doc. 65).  Ms. Hubbell filed a response to Attorney Anderson's objection.  (Doc. 66).  The Court has reviewed these filings and has addressed this issue below.

The Court has not yet issued a scheduling order in this matter. As a result, the discovery process has not commenced and dates for non-dispositive and dispositive motions, the pretrial conference and trial have not been set.

**DISCUSSION**

**A.     Applicable Law**

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client in propria persona, without leave of court. The rule further states that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California" ("California Rules of Professional Conduct"). The California Rules of Professional Conduct are interpreted according to California law. *See Image Technical Services, Inc. v. Eastman Kodak Co*., 820 F.Supp. 1212, 1215 (N.D. Cal. 1993).

Permissive withdrawal of an attorney, which is at issue here, is addressed by Rule 3-700(C) of the California Rules of Professional Conduct. Rule 3-700(C)(1)(d) provides that an attorney may request permission to withdraw if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court. *See United States v. Carter,* 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *Rus, Millband & Smith v. Conkle & Olesten*, 113 Cal.App.4th 656, 673 (2003); *Estate of Falco*, 188 Cal.App.3d 1004, 1014 (1987) ("To protect the best interests of the client, a trial court should have broad discretion in allowing attorneys to withdraw.").

The lack of a cooperative relationship between an attorney and her client may, at times, justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342 Joint Labor-Management Committee*

*v. South City Refrigeration, Inc.*, 2010 WL 1293522, *3 (N.D. Cal. Mar. 31, 2010) (client's failure to cooperate or communicate effectively justified granting counsel leave to withdraw); *Lewis v. Nevada County*, 2009 WL 463510, *1 (E.D. Cal. Feb. 23, 2009) (client's failure to cooperate and heed counsel's advice constituted sufficient grounds to allow counsel to withdraw). However, withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed. *Ramirez v. Sturdevant*, 21 Cal.App.4th 904, 915 (1994) (an attorney may not withdraw "at a critical point and thereby prejudic[e] the client's case"); *also see* Cal. R. Prof. Conduct 3–700(A) ("a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client").

Finally, courts may consider the following factors in ruling on a motion for permissive withdrawal: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *See, e.g., Das v. WMC Mortgage Corp.*, 2011 U.S. Dist. LEXIS 119058, *3 (October 14, 2011); *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010); *Beard v. Shuttermart of California, Inc.*, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008).

**B. Analysis**

Ms. Anderson has requested permissive withdrawal from her representation of Plaintiff in this action pursuant to Local Rule 182 and Rule 3-700(C) of the California Rules of Professional Conduct. In addition to the contentions in her moving papers, Ms. Anderson further discussed the reasons she is seeking to withdraw at the hearing on her motion. The Court has considered the applicability of Rule 3-700(C)(1)(d) and balanced counsel's reasons for seeking to withdraw against the need to avoid undue prejudice to Plaintiffs and Defendant Cervantes, harm to the administration of justice, and undue delay in the resolution of this case.

4

Ms. Anderson contends that she faces a conflict of interest in this matter because Ms. Hubbell has filed an unrelated small claims action against both Ms. Anderson and her law firm, which could potentially hinder Ms. Anderson in her zealous representation of Plaintiffs.  Ms. Anderson also cites a breakdown of communication between herself and Ms. Hubbell, who is responsible for all decision-making on behalf of Plaintiffs in this matter.

Ms. Hubbell contends that she has full confidence in Ms. Anderson's ability to litigate the instant case and is willing to waive any conflict of interest created by the unrelated small claims lawsuit.  Ms. Hubbell disputes Ms. Anderson's contention that there is a breakdown of communication between herself and Ms. Anderson.  Ms. Hubbell argues that withdrawal at this point would be improper since the case is presently at a critical stage in light of the pending motion to dismiss.  Ms. Hubbell further argues that Ms. Anderson, who drafted the operative complaint and has shepherded the case since its inception, is best positioned to represent Plaintiffs through the resolution of the pending motion to dismiss and any Order to Show Cause regarding federal subject matter jurisdiction.  Indeed, Ms. Hubbell urges the Court to require Ms. Anderson to continue to represent Plaintiffs for all purposes until the conclusion of the entire case.

The Court has weighed the four factors to be considered in ruling on a motion for permissive withdrawal.  *See Das v. WMC Mortgage Corp.*, 2011 U.S. Dist. LEXIS 119058, *3 (identifying the four factors as follows: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case). With respect to the first two factors, the Court found, respectively, that Ms. Anderson had cited legitimate reasons in support of her motion to withdraw and that Defendant Cervantes would not be prejudiced by the withdrawal given that she did not oppose the motion to withdraw. However, regarding the third and fourth factors, the Court ruled that permitting Ms. Anderson to

withdraw prior to disposition of the Motion to Dismiss and any Order to Show Cause would harm the administration of justice and unduly delay the resolution of this case. Accordingly, the Court ruled that Ms. Anderson would be permitted to withdraw, but only after disposition of the Motion to Dismiss and any Order to Show Cause issued by the District Court.[3]

The Court explained that although a conflict of interest existed on account of the unrelated small claims lawsuit filed by Ms. Hubbell against Ms. Anderson and her law firm, Plaintiffs would be unduly prejudiced if Ms. Anderson withdrew at this critical stage in the case. *See* Cal. R. Prof. Conduct 3-700(A)(2) ("[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client"). The Court directed Ms. Hubbell to waive the conflict in writing in order for Ms. Anderson to continue to represent Plaintiffs for purposes of the Order to Show Cause and the Motion to Dismiss. The Court finds that the written waiver of conflict of interest filed by Ms. Hubbell on December 27, 2013 will suffice for purposes of the Court's order. (Doc. 60).

Plaintiff Marlene Hubbell is advised to take immediate measures to find new counsel to represent both Plaintiffs in the eventuality that the case survives the pending Order to Show Cause and Motion to Dismiss. Failure to obtain new counsel to represent Plaintiffs within a reasonable time following the withdrawal of Ms. Anderson could result in the dismissal of this action.[4]

///

///

---

[3] The Court noted at the December 3, 2013 hearing on the instant Motion to Withdraw that, in addition to the pending Motion to Dismiss, an Order to Show Cause was potentially forthcoming from the District Court. The District Court issued the Order to Show Cause on December 20, 2013. (Doc. 58).

[4] The Court notes that Ms. Hubbell is the court-appointed Guardian ad Litem for Plaintiff Joseph Robert McClintic, who is not able to appear pro se. In addition, although Ms. Hubbell is a licensed attorney herself, she has represented to the Court that, as co-trustee of the Joseph Robert McClintic Living Trust, she is disinclined to, and does not believe that applicable professional rules permit her to, represent the Plaintiffs in this matter. (*See* Doc. 59, Hrg. Tr. at 26).

**CONCLUSION**

For the Foregoing reasons, Attorney Anderson's Motion to Withdraw as Counsel of Record is GRANTED in part and DENIED in part.  Attorney Anderson shall continue to represent Plaintiffs for purposes of the Order to Show Cause (Doc. 58) and Motion to Dismiss (Doc. 41) that are currently pending before the District Court.  Upon disposition of the Order to Show Cause and the Motion to Dismiss, Attorney Anderson shall be relieved from her representation of Plaintiffs.[5]

IT IS SO ORDERED.

   Dated:   **January 7, 2014**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[5] Rule 3-700(D) of the California Rules of Professional Conduct provides that a member whose employment has terminated shall:
(1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. "Client papers and property" includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and
(2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter.