UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH ROBERT MCCLINTIC, an individual, by and through his *Guardian ad Litem*, MARLENE A. HUBBEL; and MARLENE A. HUBBELL in her capacity as co-trustee of the Joseph Robert Mcclintic Living Trust,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES POSTAL SERVICE; BERTHA CERVANTES, individually and in her official capacity; and DOES 1 through 50, inclusive,**<br><br>Defendants. | CASE NO.  1:13-CV-00439-LJO-GSA<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**ORDER DENYING WITHOUT PREJUDICE AS MOOT MOTION TO DISMISS (DOC. 41).** |

This case concerns the alleged financial elder abuse of Plaintiff Joseph Robert McClintic by Defendant Bertha Cervantes. Among other things, the First Amended Complaint ("FAC") alleges that Defendant Cervantes engaged in a "sweetheart swindle scam," by which she ingratiated herself to Mr. McClintic, with the ultimate goal of obtaining valuable items and money from Mr. McClintic. *See* Doc. 34, FAC, at ¶ 22. At the time of the alleged scam, Mr. McClintic was in his late 70s; Ms. Cervantes was thirty-two (32) years his junior. *Id*. at ¶¶ 19-10.

The FAC contains nine state law causes of action for Financial Elder Abuse, Cal. Welf. & Inst. Code, §§ 15600-15675; fraud, deceit, and concealment; misrepresentation; negligence; negligence per se; conversion; trespass to chattels, constructive trust, and common law unjust enrichment. *See generally* Doc. 34. Defendant Cervantes filed a motion to dismiss all of the state law claims on statute of limitations grounds. Doc. 41.

The FAC also contains two federal claims. The First Cause of Action, is captioned "For Violation of 18 U.S.C. § 201, 5 CFR § 2635.202 and § 2635.204." FAC at ¶¶ 44-52. The Eleventh Cause of Action is a civil claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*. FAC at ¶¶ 112-115. On December 20, 2013, the Court issued an


Case 1:13-cv-00439-LJO-GSA   Document 70   Filed 01/14/14   Page 2 of 4

Order requiring Plaintiff to show cause in writing on or before January 10, 2014 why the two federal claims in the case should not be dismissed for lack of subject matter jurisdiction. Doc. 58. Having reviewed Plaintiff's response thereto, Doc. 69, the Court concludes that the FAC fails to state a federal claim, warranting dismissal of the FAC for lack of subject matter jurisdiction.

As to the First Cause of Action, 18 U.S.C. § 201, which prohibits public official bribery, graft, and conflicts of interest, is a criminal statute for which there is no private right of action. This means that Plaintiff, a private citizen, cannot bring an independent claim based upon 18 U.S.C. § 201. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Likewise, there is no private right of action to enforce directly 5 C.F.R. §§ 2635.202 and 2635.204, which set forth standards for the ethical conduct of employees of the executive branch. The First Cause of Action, therefore, fails to state a claim.

As to the Tenth Cause of Action, the elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co*, 431 F.3d 353, 361 (9th Cir. 2005). The facts in the FAC do not plausibly support a finding that Defendant(s) made use of an "enterprise." An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *Odom v. Microsoft Corp*., 486 F.3d 541, 548 (9th Cir. 2007). However, a RICO "enterprise" must constitute an entity distinct from the RICO "person." *Living Designs,* 431 F.3d at 361; *River City Markets, Inc. v. Fleming Foods W., Inc.,* 960 F.2d 1458, 1461 (9th Cir. 1992) (stating that "a single individual or entity cannot be both the RICO enterprise and an individual RICO defendant").

Here, the FAC alleges that Defendant Cervantes engaged in numerous unlawful acts and suggests that she may have interacted with other individuals and entities during the course of perpetrating these unlawful acts. Plaintiff claims that the FAC sufficiently alleges an "association-in-fact enterprise," which is "a group of persons associated together for a common purpose of engaging in a

2

course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). To establish the existence of such an enterprise, a plaintiff must prove the group associated for "a common purpose of engaging in a course of conduct," and provide both "evidence of an ongoing organization, formal or informal," as well as "evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007)(quoting *Turkette*, 452 U.S. at 583).

Here, the FAC fails to allege sufficiently that Defendant acted in concert with any other individual or entity with a common purpose of engaging in a course of conduct. Among other things, the FAC mentions that Defendant Cervantes interacted with clerks and salespersons at various establishments when purchasing items with Plaintiff's pre-signed checks. The FAC also alleges that a member of Cervantes' family accepted a delivery of a piece of furniture procured in this manner. But, nowhere does the FAC even suggest that any other individual or entity acted in concert with Cervantes with the common purpose of defrauding Plaintiff. This is unlike the Ninth Circuit's seminal association-in-fact case, *Odom*, where plaintiffs established that defendants Microsoft and Best Buy associated with a common purpose of increasing the number of people using Microsoft's Internet service through fraudulent means:

> Best Buy [allegedly] furthered this common purpose by distributing Microsoft Internet Trial CD's and conveying its customers' debit and credit card information to Microsoft. Microsoft then used the information to activate customer accounts.

*Odom*, 486 F.3d at 552.

Nor does the FAC sufficiently allege an "ongoing organization," either "formal or informal." *Turkette,* 452 U.S. at 583. "An ongoing organization is a vehicle for the commission of two or more predicate crimes." *Odom*, 486 F.3d at 552 (internal citation and quotation omitted). In *Odom*, defendants Microsoft and Best Buy formed a vehicle for the commission of at least two predicate acts of fraud by, among other things, establishing "mechanisms for transferring plaintiffs' personal and financial information from Best Buy to Microsoft. That information then allowed Microsoft to activate plaintiffs' Internet accounts without their knowledge or permission. These mechanisms enabled Microsoft to bill

plaintiffs improperly for [Microsoft] services…." *Id*. Here, the FAC alleges no such mechanism, nor any other facts that suggest the existence of an "ongoing organization."

Finally, the FAC fails to sufficiently allege facts that, if proved, would provide evidence "that the various associates function as a continuing unit." *Turkette,* 452 U.S. at 583. The so called "continuity" requirement does not require that every member "be involved in each of the underlying acts of racketeering, or that the predicate acts be interrelated in any way." *Odom*, 486 F.3d at 552 (internal citation and quotation omitted). Instead, it focuses on "whether the associates' behavior was ongoing rather than isolated activity." *Id*. at 553.

Accordingly, the FAC does not plausibly support a finding that Defendant(s) made use of an "enterprise." For this reason, the Eleventh Cause of Action arising under RICO fails to state a claim. Without a viable federal claim, this Court lacks subject matter jurisdiction over this case, as the parties are not diverse.

Plaintiff has requested leave to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff shall have one opportunity to amend. Any amended complaint must be filed within twenty (20) days of electronic service of this order.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) The FAC is DISMISSED WITH LEAVE TO AMEND;

(2) Any amended complaint shall be filed within twenty (20) days of electronic service of this order;

(3) Defendant's motion to dismiss the state law claims on statute of limitations grounds, Doc. 41, is DENIED WITHOUT PREJUDICE AS MOOT.

**SO ORDERED**
**Dated: January 14, 2014**

**/s/ Lawrence J. O'Neill**
**United States District Judge**