1

2

3

4

5              UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF CALIFORNIA

7

8    JOSEPH ROBERT McCLINTIC,              CASE NO. CV F 13-0439 LJO GSZ
     an individual, by and through his
9    Guardian ad Litem, MARLENE
     A. HUBBEL, et al.,
10

11                        Plaintiffs,       **ORDER TO DISMISS**
              vs.                           (Doc. 70.)
12

13   UNITED STATES POSTAL
     SERVICE, et al.,
14

15                        Defendants.
     _____/

16                            **BACKGROUND**

17          This Court's January 14, 2014 order ("January 14 order") dismissed with leave to

18   amend plaintiffs' then operative First Amended Complaint ("FAC") and ordered plaintiffs

19   within 20 days of electronic service of the January 14 order to file a further amended

20   complaint.  The January 14 order provides:  "Plaintiff shall have one opportunity to amend.

21   Any amended compliant must be filed within twenty (20) days of electronic service of this

22   order.  Plaintiffs failed to file an amended complaint as required by the January 14 order.

23                            **DISCUSSION**

24                   **Failure To Comply With Orders**

25          This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

26   with these [Local] Rules or with any order of the Court may be grounds for the imposition by

27   the Court of any and all sanctions . . . within the inherent power of the Court." District courts

28   have inherent power to control their dockets and "in the exercise of that power, they may

                                        1

impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as plaintiffs have failed to file a complaint to invoke this Court's jurisdiction.  Plaintiffs demonstrate a lack of ability or interest to further litigate or prosecute legitimate claims, if any, they may have to invoke this Court's jurisdiction.  The risk of prejudice to defendant factor also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The factor of public policy favoring disposition of cases on their merits is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.

The January 14 order and this Court's other orders clearly contemplated and articulated dismissal of this action without a complaint to invoke this Court's jurisdiction.  Plaintiffs offer nothing to support pursuit of claims which fail to invoke this Court's jurisdiction.  As such, plaintiffs have failed to comply with this Court's orders despite contemplation to dismiss this action without a complaint to invoke this Court's jurisdiction.

Moreover, this Court construes absence of a meaningful response to the January 14 order as a concession that plaintiffs lack viable claims to invoke this Court's jurisdiction to further warrant dismissal of this action in its entirety.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      DISMISSES this action without prejudice; and

2.      DIRECTS the clerk to enter judgment in conformance with this order and to close this action.


IT IS SO ORDERED.

Dated:    **February 25, 2014**              **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE